[No. E012059. Fourth Dist., Div. Two. May 10, 1994.]

In re REYES P., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
REYES P., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 2 and 3.

## COUNSEL

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Keith I. Motley, and Holley A. Hoffman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

McKINSTER, J.—Following a contested jurisdiction hearing, the trial court found true the only allegation in a subsequent petition under Welfare and Institutions Code section 602 that defendant possessed a firearm while on probation and in violation of an express probation condition prohibiting such activity (Pen. Code, § 12021, subd. (d)). Thereafter, and at the conclusion of a contested dispositional hearing, the trial court ordered defendant committed at the California Youth Authority for a maximum term of six years—four years maximum on a 1991 car theft (Veh. Code, § 10851), one year maximum for a 1990 violation of Penal Code section 496.1 (receiving stolen property) and one year on the current offense of possessing a firearm in violation of Penal Code section 12021, subdivision (d).

### DISCUSSION

### 1.

### *Application of Penal Code Section 12021, Subdivision (d) to Juvenile Offenders*

Defendant's first contention in this appeal is that Penal Code section 12021, subdivision (d) applies only to adult probationers and, therefore, the trial court erred in denying defendant's motion to dismiss the subsequent petition which alleged only a violation of that purportedly inapplicable code section. The trial court denied defendant's motion based on what defendant contends was an erroneous interpretation of the statute in question. Specifically, defendant contends, as he did in the trial court, that the Legislature did not intend subdivision (d) of Penal Code section 12021 to apply to juvenile offenders as evidenced by the fact that subdivisions (b) and (e) of that code section specifically refer to, and, therefore, specifically include juveniles. According to defendant, the specific reference to juvenile offenders in the

two noted subdivisions of Penal Code section 12021 reflects the Legislature's intent to exclude juveniles from the remaining subdivisions. We disagree.

Defendant's claim depends, first, on the language of Penal Code section 12021. In raising his claim, defendant acknowledges the established rule that, "If the language [of a statute] is clear and unambiguous, there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . ." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) At the time relevant to this appeal Penal Code section 12021[1] provided, in pertinent part, as follows:

"(a) Any person who has been convicted of a felony . . . or of an offense enumerated in Section 12001.6, or who is addicted to the use of any narcotic drug who owns or has in his or her possession or under his or her custody or control any firearm is guilty of a felony.

"(b) Notwithstanding subdivision (a), any person who has been convicted of a felony or of an offense enumerated in Section 12001.6, when that conviction results from certification by the juvenile court for prosecution as an adult in adult court under Section 707 of the Welfare and Institutions Code, who owns or has in his or her possession or under his or her custody or control any firearm is guilty of a felony.

"(c)(1) Except as provided in subdivision (a) or paragraph (2) of this subdivision, any person who has been convicted of a misdemeanor violation of [specified Penal Code sections] and who, within 10 years of the conviction, owns, or has in his or her possession or under his or her custody or control, any firearm is guilty of a public offense, which shall be punishable [either as a felony or misdemeanor]. The court, on forms prescribed by the Department of Justice, shall notify the department of persons subject to this subdivision. . . .

"(2) . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) Any person who, as an express condition of probation, is prohibited or restricted from owning, possessing, controlling, receiving, or purchasing a firearm and who owns, or has in his or her possession or under his or her custody or control, any firearm but who is not subject to subdivision (a) or (c) is guilty of a public offense, which shall be punishable [either as a felony or misdemeanor]. The court, on forms provided by the Department of

---

[1]Unless otherwise indicated, all further statutory references are to Penal Code section 12021.

Justice, shall notify the department of persons subject to this subdivision. The notice shall include a copy of the order of probation and a copy of any minute order or abstract reflecting the order and conditions of probation.

"(e) Any person who (1) is alleged to have committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code, (2) is found to be a fit and proper subject to be dealt with under the juvenile court law, and (3) is subsequently adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code shall not own, or have in his or her possession or under his or her custody or control, any firearm until the age of 30 years. A violation of this subdivision shall be punishable [either as a felony or misdemeanor]. The juvenile court, on forms prescribed by the Department of Justice, shall notify the department of persons subject to this subdivision. Notwithstanding any other law, the forms required to be submitted to the department pursuant to this subdivision may be used to determine eligibility to acquire a firearm."

In our view, the language of section 12021 is clear and unambiguous and, therefore, does not require interpretation.[2] As set out above, the various subdivisions of section 12021 pertain to different types of offenders. To identify those offenders, the Legislature used the phrase "any person" followed by a modifying phrase. With the exception of subdivision (d), the modifying phrases recounted above have the effect of distinguishing between adult and juvenile offenders, as a result of which subdivisions (a) and (c), by their express terms, apply only to adult offenders while subdivisions (b) and (e) are applicable only to juvenile offenders.[3]

In contrast, subdivision (d), as recounted above, pertains to "[a]ny person who, as an express condition of probation, is prohibited or restricted from owning, possessing, controlling, receiving, or purchasing a firearm . . . *but*

---

[2]Based on our initial review both of the statute and the parties' respective briefs on this issue, we requested further briefing by the Attorney General and specifically requested the Attorney General provide this court and defendant with the legislative history of section 12021, subdivision (d). After the Attorney General complied with our request, and after defendant replied to the Attorney General's additional briefing, we recognized, as noted, the statute is clear and unambiguous and, therefore, does not require interpretation.

[3]Defendant asserts, as previously noted, that because the Legislature specifically limited subdivisions (b) and (e) to juvenile offenders, the Legislature necessarily intended to exclude juveniles from all other subdivisions, including subdivision (d). Defendant's assertion arguably would be persuasive were it not for the fact that the Legislature, as noted above, also specifically limited subdivisions (a) and (c) to adult offenders. Consequently, by parity of defendant's reasoning we could conclude the Legislature did not intend subdivision (d) to apply to *adult* offenders.

*who is not subject to subdivisions (a) or (c)* . . . ." The emphasized modifying language does not distinguish between juvenile and adult offenders but, instead, identifies offenders who are also subject to subdivisions (a) or (c) and, therefore, should be charged under those subdivisions. In short, according to its plain language, subdivision (d) applies to "any person," adult or juvenile, on probation, except a person who also is prohibited from possessing, et cetera, a firearm under subdivision (a) or (c). Because we conclude subdivision (d) applies to a juvenile offender on probation, we must reject defendant's claim that the trial court erred in denying defendant's motion to dismiss the subsequent petition.

2., 3.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Ramirez, P. J., and Hollenhorst, J., concurred.

A petition for a rehearing was denied June 3, 1994, and appellant's petition for review by the Supreme Court was denied August 11, 1994.

---

*See footnote, *ante,* page 1468.